UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**15 CV 1465**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

GREGORY W. GRAY, JR., ARCHIPEL CAPITAL LLC,
BIM MANAGEMENT LP,

Defendants,

-and-

ARCHIPEL CAPITAL – AGRIVIDA LLC,
ARCHIPEL CAPITAL – AMYRIS
   BIOTECHNOLOGIES LP,
ARCHIPEL CAPITAL – BLOOM ENERGY LP,
ARCHIPEL CAPITAL – LATE STAGE FUND LP,
ARCHIPEL CAPITAL – LINEAGEN LP,
ARCHIPEL CAPITAL – SOCIAL MEDIA FUND LP,
ARCHIPEL CAPITAL – SOCIAL MEDIA FUND II LP,
ARCHIPEL CAPITAL – SOCIAL MEDIA FUND LP 3,
ARCHIPEL CAPITAL – SOCIAL MEDIA FUND LP 4,
BENNINGTON – EVERLOOP LP,

Relief Defendants.

15 Civ.    (   )
ECF Case

JUDGE KAPLAN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/15

[PROPOSED] ORDER TO SHOW CAUSE,
TEMPORARY RESTRAINING ORDER,
AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Emergency Application of Plaintiff Securities and Exchange Commission (the

"Commission") for an Order:

1. Directing Defendants Gregory W. Gray, Jr. ("Gray"), Archipel Capital LLC ("Archipel"),

   BIM Management LP ("BIM") (collectively, "Defendants"), and Reief Defendants

   Archipel Capital – Agrivida LLC ("Agrivida LLC"), Archipel Capital – Amyris

Biotechnologies LP ("Amyris LP"), Archipel Capital – Bloom Energy LP ("Bloom Energy LP"), Archipel Capital – Late Stage Fund LP ("Late Stage Fund LP"), Archipel Capital – Lineagen LP ("Lineagen LP"), Archipel Capital – Social Media Fund LP ("Social Media Fund LP"), Archipel Capital – Social Media Fund II LP ("Social Media Fund II LP"), Archipel Capital – Social Media Fund LP 3 ("Social Media Fund LP 3"), Archipel Capital – Social Media Fund LP 4 ("Social Media Fund LP 4"), and Bennington – Everloop LP ("Everloop LP") (collectively, "Relief Defendants"), to show cause why an order should not be entered, pending a final disposition of this action:

   a. Preliminarily enjoining Defendants Gray, Archipel, and BIM from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

   b. Preliminary enjoining Gray, Archipel, and BIM from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

   c. Preliminarily enjoining Gray, Archipel, and BIM from violating Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8];

   d. Freezing the assets of Defendants Gray, Archipel, and BIM, and Relief Defendants Agrivida LLC, Amyris LP, Bloom Energy LP, Late Stage Fund LP, Lineagen LP, Social Media Fund LP, Social Media Fund II LP, Social Media Fund LP 3, Social Media Fund LP 4, and Everloop LP;

2

    e. Prohibiting Defendants and Relief Defendants from soliciting, accepting, or receiving any investor funds, whether from new or existing investors,

    f. Prohibiting Defendants and Relief Defendants or their creditors from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendants or Relief Defendants, or any of them, without first seeking leave from this Court, with at least five (5) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action;

    g. Prohibiting Defendants and Relief Defendants from destroying, altering or concealing documents; and

2. pending adjudication of the foregoing, an Order

    a. temporarily restraining the Defendants from violating the aforementioned statutes and rules;

    b. freezing the assets of Defendants Gray, Archipel, and BIM, and Relief Defendants Agrivida LLC, Amyris LP, Bloom Energy LP, Late Stage Fund LP, Lineagen LP, Social Media Fund LP, Social Media Fund II LP, Social Media Fund LP 3, Social Media Fund LP 4, and Everloop LP;

    c. prohibiting Defendants and Relief Defendants from soliciting, accepting, or receiving any investor funds, whether from new or existing investors;

    d. directing Defendants and each Relief Defendant to provide verified accountings immediately;

    e. prohibiting the destruction, alteration, or concealment of documents;

  f. providing that the Commission may take expedited discovery in preparation for a hearing on this Order to Show Cause; and

  g. prohibiting Defendants or Relief Defendants or their creditors from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendants or Relief Defendants, or any of them, without first seeking leave from this Court, with at least five (5) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

  The Court has considered (1) the Complaint filed by the Commission on February 27, 2015; (2) the Declaration in Support of the Commission's Application of George O'Kane ("O'Kane Decl."), who is a member of the Commission's staff, and its exhibits; (3) the Declaration of Hane L. Kim in Support of the Commission's Application and Pursuant to Local Civil Rule 6.1 ("Kim Rule 6.1 Decl."); and (4) the memorandum of law in support of the Commission's application.

  Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act, has been made for the relief granted herein, for the following reasons:

1. It appears from the evidence presented that, as charged in the Complaint,

    (a) Gray, Archipel, and BIM have violated and, unless temporarily restrained, will continue to violate Section 17(a) of the Securities Act;

    (b) Gray, Archipel, and BIM have violated and, unless temporarily restrained, will continue to violate Section 10(b) of the Exchange Act, and Rules 10b-5 thereunder; and

4

(c) Gray aided and abetted, or controlled pursuant to Section 20(a) of the Exchange Act, and, unless temporarily restrained, will continue to aid and abet or control, Archipel's, BIM's, or the Archipel Entities' violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;

(d) Gray, Archipel, and BIM have violated and, unless temporarily restrained, will continue to violate Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-8 thereunder.

2. It appears that an order freezing the Defendants' and Relief Defendants' assets, as specified herein, and prohibiting Defendants and Relief Defendants from soliciting or accepting any investor funds, is necessary to preserve the *status quo,* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3. It appears that an order requiring Defendants and each of the Relief Defendants to provide a verified accounting of all assets, money, and property held directly or indirectly by each of them, or by others for each of their direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' and Relief Defendants' assets.

4. It appears that the Defendants may attempt to destroy, alter, or conceal documents.

5. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

This Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendants, and venue properly lies in this District.

### I.

**IT IS HEREBY ORDERED** that Defendants show cause, if there be any, to this Court at  10  A .m. on the  10th  day of  March , 2015, in Courtroom J 18 of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20(b) of the Securities Act, Section 21(d) of the Exchange Act, and Section 209 of the Advisers Act:

1. Preliminarily enjoining Defendants Gray, Archipel, and BIM from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

2. Preliminarily enjoining Gray, Archipel, and BIM from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and

3. Preliminarily enjoining Gray, Archipel, and BIM from violating Sections 206(1), 206(2) and 206(4) of the Advisers Act and Advisers Act Rule 206(4)-8 thereunder.

### II.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, Defendants and Relief Defendants, and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual

6

notice of such Order by personal service or otherwise, and each of them, hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real property or rent due from such real property, personal property, securities, commodities, choses in action, business interests, or other property of any kind whatsoever) of, held by, or under the control of Defendants or Relief Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, including but not limited to assets, funds or other property held by entities owned or controlled by, related to, or associated or affiliated with these Defendants or Relief Defendants, in whatever form such assets may presently exist and wherever located (including but not limited to all accounts in the names of any of the aforementioned individuals or entities at M&T Bank ("MTB"), Bank of America, NA ("BOA"), Fidelity, ComputerShare, or American Express ("AMEX") and directing each of the financial or brokerage institutions, debtors, and bailees, or any other person or entity holding such assets, funds, or other property of Defendants or Relief Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties including, but not limited to the accounts listed on Schedule A and any accounts in the names of any of the aforementioned individuals or entities at MTB, BOA, Fidelity, ComputerShare, or AMEX.

### III.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, Defendants and Relief Defendants, and each of their officers, agents, servants, employees and

attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, are preliminarily enjoined and restrained from soliciting, accepting, or receiving any investor funds, whether from new or existing investors.

IV.

**IT IS FURTHER ORDERED** that Defendants show cause at that time why this Court should not also enter an Order preliminarily enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, books, and records that are in the possession, custody, or control of the Defendants or the Relief Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, that concern, refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records concerning, referring, reflecting, or relating to Defendants' or Relief Defendants' finances or business operations, or the offer, purchase, or sale of investment contracts or any other securities offered or sold by or through the Defendants or Relief Defendants and the use of proceeds therefrom, or the purchase or sale of investment contracts or any other securities bought or sold by or through any Relief Defendants and the distribution of proceeds therefrom.

V.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order preliminarily enjoining the Defendants and Relief Defendants, and each of their creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual

notice of this Order by personal service or otherwise, from filing a voluntary or involuntary petition in bankruptcy on behalf of or against Defendants or Relief Defendants, or any of them, without first seeking leave from this Court, with at least five (5) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

## VI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants Gray, Archipel, and BIM, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) employing any device scheme or artifice to defraud;

(b) obtaining money or property by means of an untrue statement of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Sections 17(a) of the Securities Act.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants Gray, Archipel, and BIM, and

9

each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, Defendants Gray, Archipel, and BIM, and each of their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, while acting as an investment adviser or associated person of an investment adviser, by use of any means or instrumentality of interstate commerce, or of the mails:

    (a)    employing any device, scheme, or artifice to defraud any client or potential client; or

(b) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client; or

(c) engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative,

in violation of Sections 206(1), 206(2), and 206(4) of the Advisors Act and Rule 206(4)-8 thereunder.

IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants Gray, Archipel, and BIM and Relief Defendants and each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, real property or rent due from such real property, personal property, securities, commodities, choses in action, business interests, or other property of any kind whatsoever) of, held by, or under the control of Defendants or Relief Defendants, whether held in their names or for their direct or indirect beneficial interest wherever situated, including but not limited to assets, funds or other property held by entities owned or controlled by, related to, or associated or affiliated with these Defendants or Relief Defendants, in whatever form such assets may presently exist and wherever located (including but not limited to all accounts in the names of any of the aforementioned individuals or entities at MTB, BOA, Fidelity, ComputerShare, or AMEX) and directing each of

11

the financial or brokerage institutions, debtors, and bailees, or any other person or entity holding such assets, funds, or other property of Defendants or Relief Defendants to hold or retain within its or his control and prohibit the withdrawal, removal, transfer, or other disposal of any such assets, funds, or other properties including, but not limited to the accounts listed on Schedule A and any accounts in the names of any of the aforementioned individuals or entities at MTB, BOA, Fidelity, ComputerShare, or AMEX.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants and Relief Defendants, each of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, are temporarily restrained and enjoined from soliciting, accepting, or receiving any investor funds, whether from new or existing investors.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, each Defendant and Relief Defendant shall file with this Court and serve upon Plaintiff Commission, within three (3) business days of the date of this Order, or within such extension of time as the Commission staff agrees to in writing or is otherwise granted by the Court, a verified written accounting, signed under penalty of perjury by the individual Defendant or, in the case of the entity Defendants and Relief Defendants, by the officer or employee of the entity most knowledgeable about the entity's financial condition, if any, providing the following information:

(1) All assets, liabilities, and property currently held directly or indirectly by or for the benefit of Defendants or Relief Defendants, including, but not limited to, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets, and other income received by Defendants or Relief Defendants, or for the direct or indirect benefit of any one of them, in or at any time from January 1, 2011, to the date of the accounting, describing the source, amount, disposition, and current location of each of the items listed;

(3) All assets, funds, securities, real or personal property of Defendants or Relief Defendants transferred to or for the benefit of any other person or entity from January 1, 2011, to the date of the accounting, including a description of each transferred asset, the name of the recipient, and the date of the transfer; and

(4) The names and last known addresses of all bailees, debtors, and other persons and entities that are currently holding the assets, funds, or property of any one or more of the Defendants or Relief Defendants.

## XII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants and Relief Defendants, and any person or entity acting at their direction or on their behalf, are temporarily restrained and enjoined from destroying, altering, concealing, or otherwise interfering with the access of the Commission or any Receiver appointed hereafter to any and all documents, books, and records that are in the possession, custody, or control of Defendants or Relief Defendants, their

respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to Defendants' or Relief Defendants' finances or business operations, or the offer, purchase, or sale of the securities of Relief Defendants or any other securities offered or sold by or through Defendants or Relief Defendants, and the use of proceeds therefrom or the purchase or sale of investment contracts or any other securities bought or sold by or through any Relief Defendants and the distribution of proceeds therefrom.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for a Preliminary Injunction, Defendants and Relief Defendants, and each of their creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, be and hereby are, temporarily restrained and enjoined from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendants or Relief Defendants, or any of them, without first seeking leave from this Court, with at least five (5) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

## XIV.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and without the

requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), and without regard to the limitations of Fed. R. Civ. P. 30(a)(2) or Fed. R. Civ. P. 30(d), the Commission may:

(1) Take depositions, subject to two (2) calendar days' notice by facsimile, email, or otherwise, including non-party witnesses;

(2) Obtain the production of documents, within three (3) calendar days from service by overnight courier, facsimile, email, or otherwise of a request or subpoena, from any persons or entities, including non-party witnesses;

(3) Obtain other discovery, including interrogatories, requests for admissions, and requests to inspect the premises and files of Defendants or Relief Defendants, within three (3) calendar days from the date of service by overnight courier, facsimile, email, or otherwise of such other discovery requests, interrogatories, requests for admissions, or requests for inspection; and

(4) Serve any discovery requests, notices, or subpoenas, including subpoenas to non-parties, by personal service, facsimile, overnight courier, email, or first-class mail on an individual, entity, or the individual's or entity's attorney.

## XV.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's Application be served upon each of the Defendants and Relief Defendants, or his or its attorney who agrees to accept service on his or its behalf, on or before _March 3_, ~~~~~~~~~~~, 2015, by ~~personal delivery, facsimile,~~ email, overnight courier, and first-class mail.

## XVI.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants shall deliver any

15

opposing papers in response to the Order to Show Cause above no later than _March 6_ NS , 2015, at 5:00 p.m. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 200 Vesey Street, Room 400, New York, New York 10281, Attn: Nancy A. Brown, or to such other place as counsel for the Commission may direct in writing. The Commission shall have until _March 10_ , 2015, at ~~5:00 p.m.~~ 10:00 AM, to serve, by the most SK expeditious means, any reply papers upon the Defendants, or upon their respective counsel.

## XVII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the Defendants, and each of their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at :   4 : 0 __.m.
February 27, 2015
New York, New York

## Schedule A

| Financial Institution | Account Name | Account Number (Last 4 Digits) |
|---|---|---|
| Fidelity | GREGORY W GRAY JR | 6434 |
| Fidelity | ARCHIPEL CAPITAL SOCIAL - MEDIA A PARTNERSHIP BIM MANAGEMENT LP PARTNER | 5320 |
| AMEX | Archipel Capital LLC Gregory Gray | 1008 |
| AMEX | Archipel Capital LLC Gregory W Gray Jr | 4002 |
| AMEX | Archipel Capital LLC Gregory Gray | 3004 |
| BOA | GREGORY W GRAY CYNTHIA M H GRAY | 8638 |
| BOA | GREGORY W GRAY ARCHIPEL CAPITAL | 0570 |
| BOA | Gregory W Gray | 0577 |
| BOA | GREGORY W GRAY ARCHIPEL CAPITAL | 0577 |
| BOA | GREGORY W GRAY JR | 0470 |
| BOA | Gregory Wayne Gray Jr | 0472 |
| BOA | BIM MANAGEMENT LP | 8519 |
| BOA | BENNINGTON-EVERLOOP LP | 8522 |
| BOA | ARCHIPEL CAPITAL-AGIVIDA LLC | 9335 |
| BOA | ARCHIPEL CAPITAL | 1815 |
| BOA | Archipel Capital Escrow Acct | 1828 |
| BOA | ARCHIPEL CAPITAL- SOCIAL MEDIA FUND LP | 2102 |
| BOA | ARCHIPEL CAPITAL-LINEAGEN LP | 4705 |
| BOA | ARCHIPEL CAPITAL-BLOOM ENERGY LP | 4718 |
| BOA | GREGORY W GRAY JR | 42 68 |
| Computershare | ARCHIPEL CAPITAL- SOCIAL MEDIA FUND LP | 6475 |
| MTB | BIM MANAGEMENT LP | 6758 |
| MTB | ARCHIPEL CAPITAL-SOCIAL MEDIA FUND LP | 6881 |
| MTB | ARCHIPEL CAPITAL-BLOOM ENERGY LP | 6899 |
| MTB | BENNINGTON-EVERLOOP LP | 7384 |
| MTB | Gregory W Gray & Cynthia M Gray | 7475 |
| MTB | ARCHIPEL CAPITAL-SOCIAL MEDIA FUND LP | 9323 |
| MTB | ARCHIPEL CAPITAL SOCIAL MEDIA FUND II LP | 9661 |
| MTB | ARCHIPEL CAPITAL LINEAGEN LP | 9679 |
| MTB | ARCHIPEL CAPITAL AGRIVIDA LLC | 9687 |
| MTB | BENNINGTON-EVERLOOP LP | 9810 |
| MTB | ARCHIPEL CAPITAL-LATE STAGE FUND LP | 9828 |