UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

GREGORY W. GRAY, JR., et al.,                                                    15 Civ. 1465 (LAK)

Defendants,

-and-

ARCHIPEL CAPITAL – AGRIVIDA LLC, et al.,

Relief Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/16

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

   This matter is before the Court on the motion of defendant Gray for appointment of counsel under the Criminal Justice Act ("CJA") to represent him in this civil action. [DI 121]  Some background is essential.

   Mr. Gray is a defendant not only in this case, but also in a criminal case in this district, *United States v. Gray*, 15-cr-297 (SHS).  At the outset of this action, the Court froze the assets of Gray and others on application by the SEC. [DI 31, ¶ V]  Some time later, on Gray's motion and without opposition from the SEC, the Court permitted the expenditure by Gray of up to $75,000 of previously frozen funds to pay counsel in the criminal case. [DI 56]  He then was represented in this case by the same lawyer, albeit without fee because the funds released from the freeze order were available only to pay for the criminal defense.  That lawyer, however, decided to leave the practice of law and therefore withdrew from both cases. [*See* DI 73]  At that point, new counsel appeared for Gray in his criminal case, the freeze order was modified to pay a retainer to that lawyer, and Gray began proceeding *pro se* in this case.

   After a while, Gray moved for access to frozen funds for use in hiring counsel to defend himself in this case. [DI 99]  He argued, among other things, that his *pro se* status here

2

jeopardizes his defense in his criminal case because his statements in communications with the SEC could be used to his detriment in that action.

The Court denied that motion by summary endorsement on November 2, 2015.  [DI 108]  It explained its ruling at a hearing on the same day:[1]

> Mr. Gray's application is denied.  Mr. Gray, you do not have a right to counsel under the Sixth Amendment, because this is a civil case.  You of course, to whatever extent you might have assets available to you, which is extremely limited, you of course have the right to engage counsel or, if you can find someone, somebody who will do it for free.  You also have the right to represent yourself.  But I see no basis for freeing up funds from the property that's been frozen to finance a defense in this civil case.

Nevertheless, the Court went on to suggest the following to Mr. Gray:[2]

> [T]his is not a holding of the Court, it's just an attempt to be helpful -- . . . there are limited circumstances in which it is conceivable that an application may be made by a defendant in a criminal case who is impecunious to permit counsel appointed under the Criminal Justice Act to take steps in a civil case -- I'm not suggesting that that would apply in these circumstances, I'm just simply making that known to you, and something for you and your counsel in the criminal case possibly to discuss, but that's up to you.

The net of all this was plain enough.  Mr. Gray is free to represent himself here.  He is free to have the lawyer representing him in the criminal case represent him here if the lawyer is willing to do so without compensation from funds released from the freeze order.  And if neither of those courses of action proves viable, Gray is free to move in the criminal case for an order determining that (1) this action, or some identifiable aspect of this action, is ancillary to the appropriate defense of the criminal case (18 U.S.C. § 3006A(c)),  and (2) Mr. Gray is financially eligible under the CJA for the appointment of counsel for that purpose.  Moreover, the Court notes that complete indigence is not essential to the payment, or partial payment, of counsel from CJA funds (S.D.N.Y. Revised Plan for Furnishing Representation Pursuant to the Criminal Justice Act ¶ VI.B.) and that appointments of counsel who are not on the CJA panel may be made in some circumstances (*id.* ¶ VII.D.).  The bottom line, however, is that all of these are matters for the judge presiding in the criminal case.

Nothing has changed since Mr. Gray's earlier application.  Accordingly, his motion for the appointment of counsel in this case under the CJA [DI 121] is denied without prejudice to

---

[1]   DI 112, at 14:2-10.

[2]   *Id.* at 14:11-20.

3

any application he cares to make on the subject to the judge presiding over *United States v. Gray*, 15-cr-297 (SHS).

       The Clerk shall mail a copy of this order to Mr. Gray.

       SO ORDERED.

Dated:      January 13, 2016

                                            Lewis A. Kaplan
                                    United States District Judge