UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :

           Plaintiff,    :

    -against-    :

GREGORY W. GRAY, JR., ARCHIPEL CAPITAL    :
LLC, BIM MANAGEMENT LP,

           Defendants,    :

    -and-    :

ARCHIPEL CAPITAL – AGRIVIDA LLC, et al.,    :

           Relief Defendants.    :

---------------------------------------------------------------x

15 Civ. 1465 (LAK)

ECF Case

RECEIVED
JAN – 9 2017
JUDGE KAPLAN'S CHAMBERS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: [JAN – 9 2017]

## CONSENT OF DEFENDANT GREGORY W. GRAY, JR.
(JUDGMENT ATTACHED)

1.    Defendant Gregory W. Gray, Jr. ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    On December 23, 2015, Defendant pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action.  Specifically, in *United States v. Gregory W. Gray, Jr.,* No. 15 Cr. 297 (SHS) (S.D.N.Y.), Defendant pleaded guilty to one count of violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and one count of perjury [18 U.S.C. § 1621].  In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent.  This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Gregory W. Gray, Jr.*

1

3.      Defendant hereby consents to the entry of the Judgment in the form attached

hereto (the "Judgment") and incorporated by reference herein, which, among other things:

       (a)      permanently restrains and enjoins Defendant from violations of Section

10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5]; Section 17(a) of the

Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; and

Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of

1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) and (4)], and Rule

206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8]; and

       (b)      orders Defendant to pay disgorgement in the amount of $7,894,100, plus

prejudgment interest thereon in the amount of $140,255.19, which will be

deemed satisfied to the extent of any order of forfeiture and restitution

entered against Defendant in *United States v. Gregory W. Gray, Jr.*

4.      Defendant agrees that, upon motion of the Commission, the Court shall determine

whether a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)],

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the

Advisers Act is appropriate and, if so, the amount of the penalty.  Defendant further agrees that

in connection with the Commission's motion for civil penalties, and at any hearing held on such

a motion: (a) Defendant will be precluded from arguing that he did not violate the federal

securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this

Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the

Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine

the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn

deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.    Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.    Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.



11.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant acknowledges the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or

4



creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.



14.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: ____1 / 4 / 17____                        _____
                                                Gregory W. Gray, Jr.

On _January 4_, 2017, _Gregory W Gray Jr_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

MARYJANE PSZCZOLKOWSKI
Notary Public - State of New York
No. 01PS5027696
Qualified in Erie County
My Commission Expires May 16, 2018

6

# EXHIBIT A



1

Fcnrgrap

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA

4              v.                        15 Cr. 297 (SHS)

5    GREGORY GRAY,
                                         Plea
6              Defendant.

7    ------------------------------x

8                                        New York, N.Y.
                                         December 23, 2015
9                                        11:15 a.m.

10   Before:

11        HON. HENRY B. PITMAN

12                                       Magistrate Judge

13

14

15        APPEARANCES

16

     PREET BHARARA
17        United States Attorney for the
          Southern District of New York
18   MICHAEL J. FERRARA
          Assistant United States Attorney
19

20   EDWARD V. SAPONE
     CHASE RUDDY
21        Attorney for Defendant

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

2

Fcnrgrap

1     (Case called)

2     THE COURT:  Good morning.  There is an application on

3  behalf of Mr. Gray?

4     MR. SAPONE:  Yes, your Honor.  We are here for, with

5  your permission, a change of plea hearing.

6     THE COURT:  My understanding is he is going to plead

7  guilty to Counts One and Three of indictment 15 Cr. 297.  Is

8  that correct?

9     MR. SAPONE:  That's correct, your Honor.

10    THE COURT:  Let me ask Mr. Hampton to place two

11  documents before Mr. Gray.  There is a one-page document

12  entitled "Consent to Proceed Before a United States Magistrate

13  Judge on a Felony Plea Allocution" and a document in the form

14  of a letter marked Court Exhibit 1.

15    Mr. Gray, two documents have been placed before you.

16  I want to first discuss with you the one-page document entitled

17  "Consent to Proceed Before a United States Magistrate Judge on

18  a Felony Plea Allocution."  Do you see that one page document.

19    THE DEFENDANT:  I do, your Honor.

20    THE COURT:  Does your signature appear on the bottom

21  of it?

22    THE DEFENDANT:  It does, your Honor.

23    THE COURT:  Did you read it before you signed it?

24    THE DEFENDANT:  I did.

25    THE COURT:  Did you discuss it with your attorney

3

Fcnrgrap

1   before you signed it?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you understand that you have the right

4   to have your guilty plea taken by a district court judge

5   instead of a magistrate judge?  Do you understand you have that

6   right?

7           THE DEFENDANT:  Yes, I do, your Honor.

8           THE COURT:  Do you understand that by signing that

9   piece of paper, you are giving up your right to have your plea

10  taken by a district court judge and consenting to have it taken

11  by a magistrate judge?  Do you understand that is the effect of

12  your signature on that piece of paper?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Has anyone made any promises to you or has

15  anyone made any threats to you or has anyone used any force

16  against you to induce you to consent to proceed before a

17  magistrate judge?

18          THE DEFENDANT:  No.

19          THE COURT:  There is a second document before you in

20  the form of a letter market Court Exhibit 1.  To you see Court

21  Exhibit 1?

22          THE DEFENDANT:  I do, your Honor, yes.

23          THE COURT:  Does your signature appear on the last

24  page of Court Exhibit 1?

25          THE DEFENDANT:  Yes, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300



4

Fcnrgrap

1          THE COURT:  Did you read Court Exhibit 1 before you

2    signed it?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Did you discuss Court Exhibit 1 with your

5    attorney before you signed it?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Is Court Exhibit 1 an agreement with the

8    government concerning your plea?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Thank you.  Mr. Hampton, would you please

11   place Mr. Gray under oath.

12         (Defendant sworn)

13         THE COURT:  Mr. Gray, you have now been placed under

14   oath.  If you make a false statement during these proceedings,

15   you can be prosecuted for perjury.  Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Mr. Gray, the law requires that I ask you

18   a number of questions to ensure that your plea is knowing and

19   voluntary, to ensure that you understand what you are doing

20   here today, and to ensure that you understand the consequences

21   of what you are doing.

22         If you don't understand any question that I ask you,

23   tell me that you don't understand the question, and I'll either

24   try to clarify the question or give you a chance to speak

25   privately with your attorney so that you understand exactly

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Fcnrgrap

1    what is being asked of you.

2              In addition, if at any time during these proceedings

3    you want to speak with your attorney for any reason whatsoever,

4    just tell me that you want to speak with your attorney, and

5    I'll give you a chance to speak with him privately.  Do you

6    understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Will you please state your full name.

9              THE DEFENDANT:  Gregory Wayne Gray, Jr.

10             THE COURT:  How old are you, sir?

11             THE DEFENDANT:  40 years old.

12             THE COURT:  How far did you get in school?

13             THE DEFENDANT:  College.

14             THE COURT:  Finish college?

15             THE DEFENDANT:  No.  Two classes short, your Honor.

16             THE COURT:  Have you recently been treated for any

17   type of mental illness?

18             THE DEFENDANT:  No.

19             THE COURT:  Have you recently been treated for drug

20   addiction of any kind?

21             THE DEFENDANT:  No.

22             THE COURT:  Have you recently been treated for

23   alcoholism?

24             THE DEFENDANT:  No.

25             THE COURT:  Have you taken any kind of drugs or

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

6

Fcnrgrap

1  medication, legal or illegal, in the last two days?

2          THE DEFENDANT:  No.

3          THE COURT:  Have you had any beer, wine, or liquor

4  within the last 24 hours?

5          THE DEFENDANT:  I had a glass of wine at dinner last

6  night.

7          THE COURT:  It is currently about 11:25 in the

8  morning.  I take it you are not feeling any effects from the

9  wine as you sit here today, is that right?

10         THE DEFENDANT:  Correct, your Honor.

11         THE COURT:  Are you current under the care a doctor or

12  other health care provider?

13         THE DEFENDANT:  No, your Honor.

14         THE COURT:  In general, do you feel clearheaded today

15  and able to understand what's going on around you?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Is either the government or defense

18  counsel aware of any physical psychological or emotional

19  condition that might prevent Mr. Gray from entering a guilty

20  plea today?

21         MR. FERRERA:  I am not, your Honor.

22         MR. SAPONE:  No, your Honor.

23         THE COURT:  Mr. Gray, have you received a copy of

24  information 15 Cr. 297 which has been filed against you?

25         THE DEFENDANT:  Yes, your Honor.

7

Fcnrgrap

1          THE COURT:  Have you had a chance to read the

2     information and discuss it with your attorney Mr. Sapone?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Are you generally satisfied with Mr.

5     Sapone's representation of you in this case and with the advice

6     that he has given to you?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Is it your intention here today to plead

9     guilty to Counts One and Three of the information?

10          THE DEFENDANT:  Yes.

11          THE COURT:  I want to discuss with you briefly the

12     nature of the charges against you in Counts One and Three, the

13     elements the government would have to prove with respect to

14     each in order to establish your guilt, and the penalties you

15     face if your plea is accepted.

16          Do you understand that Count One charges you with

17     securities fraud in violation of Title 15, United States Code,

18     sections 78j(b) and 78ff and Title 17 of the Code of Federal

19     Regulations section 240.10b-5, do you understand that is the

20     nature of the charge against you in Count One?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  In order to establish your guilt on Count

23     One, the government would have to prove that during the period

24     alleged in the information in connection with the purchase or

25     sale of securities, you either employed a device, scheme, or

8

Fcnrgrap

1   artifice to defraud or made an untrue statement of material

2   fact or omitted to state a material fact which made what was

3   said under the circumstances misleading, or engaged in an act,

4   practice, or course of business that operated or would operate

5   as a fraud or deceit upon a seller or purchaser.  That's the

6   first element.

7           The second element is that you acted knowing,

8   willfully, and with the intent to defraud.

9           The third element they would have to prove is that you

10  used or caused to be used any means or instruments of trans-

11  portation or communication in interstate commerce or the use of

12  the mails in furtherance of the fraudulent conduct.

13          Do you understand those are the elements the

14  government would have to prove beyond a reasonable doubt to

15  establish your guilt of the offense of securities fraud?

16          THE DEFENDANT:  I do, your Honor.

17          THE COURT:  Do you understand that if your plea to

18  Count One is accepted, you face a maximum term of imprisonment

19  on that count of 20 years, a maximum term of supervised release

20  of 3 years, a maximum fine of $5 million, and a mandatory

21  special assessment of $100?  Do you understand those are the

22  penalties you face on Count One?

23          THE DEFENDANT:  I do, your Honor.

24          THE COURT:  Do you understand that Count Two charges

25  you with the offense of perjury, in violation of Title 18,

9

Fcnrgrap

1   United States Code, section 1621?  Do you understand that is

2   the nature of the charge against you in Count Three?

3           Did I say Count Two?

4           MR. FERRERA:  You initially said Count Two, your

5   Honor.

6           THE COURT:  It's Count Three.  So there is no

7   misunderstanding, let me state it again.  My understanding is

8   the second count you are pleading guilty to here is Count Tree.

9   Not Count Two, Count Three.  Count Three charges you with

10  perjury in violation of Title 18, United States Code, section

11  1621.  Do you understand that is the nature of the charge

12  against you in Count Three?

13          THE DEFENDANT:  I do, your Honor.

14          THE COURT:  In order to establish your guilt on Count

15  Three, the government would have to prove that during the time

16  period alleged in the information, you took an oath to testify

17  truthfully before the United States Securities and Exchange

18  Commission, a body authorized by law to administer oaths;

19  second, the government would have to prove that you made false

20  statements as to matters about which you testified under oath

21  as set forth in the information; third, that the false

22  statements you made and with which you are charged were

23  material to the issues under inquiry by the SEC; and fourth,

24  that you made the false statements willfully.

25          Do you understand those are the elements the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300



10

Fcnrgrap

1    government would have to prove to establish your guilt on Count

2    Three?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you understand that if your plea to

5    Count Three is accepted, you face a maximum sentence on that

6    count of 5 years, a maximum term of supervised release of 3

7    years, a maximum fine of the greatest of $250,000 or twice the

8    gross pecuniary gain derived from the offense or twice the

9    gross pecuniary loss to persons other than yourself, plus a

10   mandatory special assessment of $100?  Do you understand those

11   are the penalties you face on Count Three?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Do you understand that in addition to the

14   foregoing penalties, the court must also enter an order of

15   restitution, that is, an order that you pay back to any

16   identifiable victims any loss that they suffered as a result of

17   your conduct?  Do you understand restitution must also be part

18   of the sentence?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Do you understand that in the aggregate,

21   if your pleas to both counts are accepted, you face a maximum

22   term of imprisonment of 25 years?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Do you understand that under the

25   Sentencing Reform Act of 1984, the United States Sentencing

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Fcnrgrap

1   Commission has issued advisory guidelines for judges to consult

2   in imposing sentences in criminal cases?  Do you understand

3   that?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  Have you and your attorneys discussed how

6   the guidelines might apply in your case?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Do you understand that the court will not

9   be able to determine the guideline sentence for your case until

10  a document called a pre-sentence report has been prepared and

11  until both you and the government have had the opportunity to

12  review the report and make any challenges you have to facts in

13  the report and to the guideline range recommended by the

14  probation department?  Do you understand that?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  Do you understand that the guideline range

17  found to apply in your case may turn out to be different from

18  any range you discussed with your attorney or any range you

19  agreed to with the government?  Do you understand that?

20           THE DEFENDANT:  Yes, your Honor.

21           THE COURT:  Do you understand that after your

22  guideline range has been determined, the court has the

23  authority to depart from the guidelines and to impose a

24  sentence that is either more severe or less severe than the

25  sentence called for by the guidelines?  Do you understand that?

Fcnrgrap

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that the form of early

3     release known as parole has been abolished in the federal

4     system and that if you are sentenced to a term of imprisonment,

5     you will not be leased on parole?  Do you understand that?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that if supervised

8     release is imposed as part of your sentence and you violate any

9     term of the supervised release, you can be returned to jail for

10    the full term of the supervised release with no credit being

11    given for the time spent on release up to the date of the

12    violation?  Do you understand that?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Do you understand that as part of your

15    agreement with the government, you are agreeing to a stipulated

16    guideline range of 78 to 97 months and that you are giving up

17    any right you might otherwise have to challenge the sentence so

18    long as it is not greater than 97 month?  Do you understand

19    that?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you understand that if Judge Stein, the

22    judge who is going to sentence you in this case, if Judge Stein

23    imposed a sentence of less than 78 months, the government could

24    appeal that sentence and seek a sentence within the agreed

25    range of 78 to 97 months?  Do you understand that?

13

Fcnrgrap

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  Do you understand that your agreement with

3    the government concerning sentencing is not binding on Judge

4    Stein and that Judge Stein retains the power to impose any

5    legal sentence, including a sentence of up to 25 years?  Do you

6    understand that?

7            THE DEFENDANT:  Yes, your Honor.

8            THE COURT:  Do you understand that if Judge Stein

9    imposed a sentence greater than 97 months, in that circumstance

10   you would be permitted to challenge your sentence and seek a

11   sentence within the agreed range of 78 to 97 months, but you

12   would not be permitted to withdraw your guilty plea simply

13   because the sentence was greater than you expected?  Do you

14   understand that?

15           THE DEFENDANT:  Yes, your Honor.

16           THE COURT:  I want to discuss with you briefly some of

17   the rights you are giving up by pleading guilty today.  Do you

18   understand that you **have** the right to plead not guilty to the

19   charges against you and you have the right to persist in that

20   plea at all stages of the plea against you?  **Do** you understand

21   you have those rights?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Do you understand that if you chose to

24   plead not guilty, you would have the right to the assistance of

25   counsel at all stages of the proceedings against you and you

14

Fcnrgrap

1   would have the right to have counsel appointed for you if you

2   could not afford counsel?  Do you understand you have those

3   rights?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that if you chose to

6   plead not guilty, you would have the right to a trial by jury?

7   At the trial you would be presumed innocent and the government

8   would have to prove your guilt beyond a reasonable doubt;

9          At a trial you would have the right to the assistance

10  of counsel, the right to have counsel appointed for you if you

11  could not afford counsel, you would have the right to see and

12  hear all the witnesses against you, and you would have the

13  right to have those witnesses cross-examined or questioned in

14  your own defense;

15         At a trial you would have the right to testify and the

16  right to offer evidence in your defense.  Conversely, you would

17  also have the right to decline to testify and to decline to

18  offer evidence.  And if you chose not to testify or not to

19  offer evidence, those facts could not be used against you.

20         Finally, at a trial you would have the right to the

21  issuance of compulsory process or court orders to compel

22  witnesses to come to court and give testimony on your behalf.

23         Do you understand you would have all those rights if

24  you chose to plead not guilty and go to trial?

25         THE DEFENDANT:  Yes, your Honor.

                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

15

Fcnrgrap

1              THE COURT:  Do you understand that by entering a plea

2      of guilty, if the plea is accepted, there will be no trial, you

3      will be giving up your right to a trial as well as all the

4      other rights associated with a trial that I have just described

5      to you?  Do you understand that you are giving up all those

6      rights?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  Mr. Gray, a plea to a felony can also have

9      immigration consequences for individuals who are not United

10     States citizens.  In light of that fact, let me ask you, are

11     you a U.S. citizen?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Apart from the agreements that are set

14     forth in Court Exhibit 1, the letter agreement that you

15     identified at the outset of these proceedings, has anyone made

16     any other promises to you or has anyone made any threats to you

17     or has anyone used any force against you to induce you to plead

18     guilty?

19             THE DEFENDANT:  No, your Honor.

20             THE COURT:  Are you pleading guilty because you are in

21     fact guilty?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Can you tell us, please, what it is you

24     did makes you guilty of the offenses charged in Counts One and

25     Three of information 15 Cr. 297.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

16

Fcnrgrap

1          MR. SAPONE:  Your Honor, with the Court's permission,

2    Mr. Gray and I have prepared a statement that he would like to

3    read.  These are his thoughts and his words.

4          THE COURT:  That's fine.  You can remain seated.

5          THE DEFENDANT:  Your Honor, in and about 2014, in the

6    Southern District of New York and elsewhere, I knowingly,

7    willfully, and intentionally engaged in a scheme to defraud an

8    investor, the venture firm Archipel Capital.  I asked an

9    individual located in Chicago, Illinois, through emails and

10   telephone conversations, to invest $5 million in one of our

11   funds which I said would be used to purchase certain

12   securities: specifically, a privately held allotment of Uber

13   shares.

14         THE COURT:  Of what shares?

15         THE DEFENDANT:  Uber.

16         THE COURT:  Go ahead.

17         THE DEFENDANT:  I did not use the $5 million to

18   purchase Uber shares.  I had previously promised this investor

19   and other investors I would purchase pre-IPO Twitter shares.

20   Although I purchased some pre-IPO Twitter shares, I was

21   ultimately unable to secure the amount of shares I believed I

22   would be able to secure, so I used the $5 million to make cash

23   payments to the investors in the other fund and to purchase

24   post-IPO Twitter shares to make up for the pre-IPO shares that

25   I had promised but was ultimately unable to obtain.  When the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

17

Fcnrgrap

1   investor requested documentation of the purchase of Uber

2   shares, I fabricated a stock transfer agreement that showed my

3   company's fund had purchased the Uber shares.  In truth, the

4   fund had not purchased any Uber shares.

5           MR. SAPONE:  Your Honor, that was Count One.  Now he

6   is going to talk about Count Three.

7           THE COURT:  Does the government believe that

8   allocution is sufficient as to Count One?

9           MR. FERRERA:  Yes, I do, your Honor.

10          THE COURT:  Go ahead.

11          THE DEFENDANT:  Regarding Count Three, your Honor, on

12  or about February 24, 2015, in the Southern District of New

13  York, having taken an oath to tell the truth, I gave sworn

14  testimony to the U.S. Securities and Exchange Commission.

15  During that testimony I made a false statement concerning a

16  material issue under an inquiry by the SEC.  Specifically, I

17  stated the Uber stock transfer agreement reflected an actual

18  purchase of Uber shares.  I knew at the time I gave the

19  testimony that it was false.

20          THE COURT:  Does the government believe that

21  allocution is sufficient as to Count Three?

22          MR. FERRERA:  I apologize.  The only thing is I just

23  don't know if the testimony occurred in Manhattan.

24          THE COURT:  He did say in the Southern District of New

25  York.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

18

Fcnrgrap

1          MR. FERRERA:  Very good.

2          THE COURT:  Does the government believe any further

3    inquiry is necessary concerning the facts of the offense?

4          MR. FERRERA:  May I ask the Court to ask whether Mr.

5    Gray admits the forfeiture allegation in the plea agreement.

6          THE COURT:  Mr. Gray, it is also my understanding that

7    as part of your agreement, you are agreeing to forfeit, or give

8    over, to the government any ill-gotten gain that resulted from

9    the conduct giving rise to your pleas to Count One and Count

10   Three or anything that you bought with the proceeds of that

11   conduct.  Is that correct?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Does the government represent that it has

14   facts in its possession to prove Mr. Gray's guilt on Count One

15   and Count Three?

16         MR. FERRERA:  Yes, your Honor.

17         THE COURT:  Mr. Gray, how do you plead to Count One of

18   information 15 Cr. 297, the count charging you with securities

19   fraud?

20         THE DEFENDANT:  Guilty, your Honor.

21         THE COURT:  How do you plead to Count Three of

22   information 15 Cr. 297, the count charging you with perjury?

23         THE DEFENDANT:  Guilty, your Honor.

24         THE COURT:  Does the government believe any further

25   inquiry should be made concerning any subject?

Fcnrgrap

1          MR. FERRERA:  No, your Honor.

2          THE COURT:  Mr. Sapone, do you believe any further

3    inquiry should be made concerning any subject?

4          MR. SAPONE:  I do not, your Honor.

5          THE COURT:  Based upon Mr. Gray's physical appearance,

6    his demeanor, and his answers to all the foregoing questions, I

7    find that he is fully competent and capable of entering an

8    informed and voluntary plea, that he is aware of the nature of

9    the charges against him and the consequences of the plea, and

10   that the plea is knowing and voluntary and supported by an

11   independent basis as to each of the essential elements of the

12   offenses.  I therefore accept the plea and recommended that

13   Judge Stein accept the plea.

14         Has Judge Stein set a date and time for sentencing?

15         MR. FERRERA:  Yes, your Honor: March 31, 2016, at 3

16   o'clock.

17         THE COURT:  Sentencing will proceed on March 31, 2016,

18   at 3 p.m.  A pre-sentence report will be ordered.  We will mark

19   the form that defense counsel should be present for the

20   interview.  I'm going to direct that the government submit the

21   prosecution's version of the offenses to the probation

22   department within 14 days.  I am also going to direct that

23   defense counsel contact the probation department promptly to

24   schedule a pre-sentence interview of the defendant.  Hopefully,

25   that will take place also within 14 days.

20

Fcnrgrap

1           Is there anything else from the government, Mr.

2    Ferrara?

3           MR. FERRERA:  No, your Honor.

4           THE COURT:  Mr. Sapone?

5           MR. SAPONE:  No.  But we thank you.

6           THE COURT:  Thank you all.

7           (Adjourned)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,    :
   :
                Plaintiff,    :
   :
       -against-    :        15 Civ. 1465 (LAK)
   :
GREGORY W. GRAY, JR., ARCHIPEL CAPITAL    :        ECF Case
LLC, BIM MANAGEMENT LP,    :
   :
                Defendants,    :
   :
       -and-    :
   :
ARCHIPEL CAPITAL – AGRIVIDA LLC, et al.,    :
   :
                Relief Defendants.    :

------------------------------------------------------------------------x

### JUDGMENT AS TO DEFENDANT GREGORY W. GRAY, JR.

The Securities and Exchange Commission, having filed a Complaint and Defendant
Gregory W. Gray, Jr. ("Defendant") having entered a general appearance; consented to the
Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of
this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal
from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the
Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5
promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of
interstate commerce, or of the mails, or of any facility of any national securities exchange, in
connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

2

      (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, while acting as an investment adviser or associated person of an investment adviser, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1), (2) and (4)], and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8], by use of the mails or any means or instrumentality of interstate commerce:

      (a)     to employ any device, scheme, or artifice to defraud any client or prospective client;

      (b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

      (c)     to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

3

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $7,894,100, representing ill-gotten gains as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$140,255.19, for a total of $8,034,355.19, which will be deemed satisfied to the extent of any

order of forfeiture and restitution entered against Defendant in *United States v. Gregory W.

Gray, Jr.* (the "Criminal Judgment").  To the extent that the amount of $8,034,355.19 exceeds

the order of forfeiture and restitution entered against Defendant in the Criminal Judgment,

Defendant shall satisfy this obligation by paying the balance to the Securities and Exchange

Commission within 14 days after entry of the later of this Judgment or the Criminal Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

4

this Court; Gregory W. Gray, Jr. as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act is appropriate and, if so, the amount of the penalty. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity

5

of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

6

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: Jan. 9, 2017

_____
UNITED STATES DISTRICT JUDGE