



Gregory W Gray Jr.
514 Main #303
Buffalo, NY 14202
January 3rd, 2017

United States District Court
Attn: Hon. Judge Lewis A Kaplan
Court Room: 21B
500 Pearl Street
New York, NY 10007-1312

RE: 1:15-cv-01465-LAK

Dear Judge Kaplan:

I would like to have on the court record, I feel my constitutional rights have been and continue to be violated.

I have lost complete faith in the justice systems and the judicial process. Although, one thing has been constant- nobody cares! Once the Judge feels I am guilty, my voice is muted in the judicial process.

In April 2016, the Supreme Court ruled, a defendant can use "untainted monies" to hire Counsel of his / her choice (LUIS vs. USA). My case was simple to determine what monies were tainted / untainted, so I felt a sense of relief I could now hire Counsel of my choice.

In May 2016, now the LUIS decision was "law", I wished to retain new Counsel, withdraw my guilty plea and go to trial, but first I need to have my monies unfrozen. I alerted the SEC to the above points but they would not free up funds. In the real world, there is a stark contrast to pleading guilty vs. accepting a guilty plea!

On May 17th, 2016, I began the process to unfreeze monies with Judge Kaplan citing the LUIS vs. USA decision - Judge Kaplan never ruled (Exhibit #1)

On July 27th, 2016 my lawyers wrote Judge Kaplan to unfreeze monies again citing the LUIS vs. USA decision- this time Judge Kaplan would defer to Judge Stein. (Exhibit #2)

Neither Judge would ever rule, and once again I was forced to accept the SEC stating they would unfreeze $35k for "sentencing only". I had no choice but to accept the money, and would be forced to take my chances at sentencing vs. withdrawing my plea and trial.

To recap: I was never allowed to hire Counsel of my choice. The lawyer I wished to hire for the Criminal matter would have charged $125,000 flat fee for Criminal, Civil and Sentencing- but the SEC rejected that lawyer (Oliver Storch)-along with many others.

To make matters worse, we have filed an appeal of my 24-month prison sentence- and will be citing the LUIS decision, along with many other factors why my sentence should be overturned.

BUT Judge Kaplan ruled to unfreeze all of my assets and pay them to the 1 criminal victim- despite 1.) my case being stayed 2.) my pending appeal and 3.) knowing there are several outstanding investments that will be liquidated to satisfy the orders!

I ask Judge Kaplan- what happens when the victims is paid back his monies via our outstanding investments- will my $300k be returned to me?

Once again the Court has cutoff my ability to defend myself. I feel confident I would win my appeal, but now it doesn't because the money I needed to defend myself post appeal is GONE.

Pre-LUIS vs. USA I couldn't defend myself because my assets were frozen, now that LUIS is law, I can't get a judge to rule on the matter, and finally the Judge releases my funds to the victim (who would have gotten paid via Archipel investments) to cut off my ability to defend myself post appeal!

Every step of the way, I have been deprived the ability to defend myself, whether it was allowing my civil lawyer to recuse himself despite my objection or never freeing up funds so my voice and intentions could be heard. The SEC dictated who I could and could not hire to defend me. The sad thing is the SEC's way cost investor's more money than mine- but nobody cares!

I am now forced to drop my appeal because the monies I needed to defend myself post appeal are GONE. I am shocked and saddened this is how our justice system works. Judge Kaplan knows I did not make $1 in the crime AND I accepted responsibility before I was arrested, yet NOBODY CARES. Once a felon, your voice cannot and will not be trusted and then the judicial process becomes biased.

Signature of Defendant:   *Gregory W Gray Jr.*

CC: David Audley, Vic Suthamanont

Exhibit #1

Gregory W Gray Jr.
514 Main #303
Buffalo, NY 14202
May 17th, 2016



RECEIVED
JAN 1 0 2017
JUDGE KAPLAN'S CHAMBERS

United States District Court
Attn: Hon. Judge Lewis A Kaplan
Court Room: 21B
500 Pearl Street
New York, NY 10007-1312

RE: 1:15-cv-01465-LAK

Dear Judge Kaplan:

I am writing the Court in response to the recent Supreme Court decision, No. 14-419 LUIS VS. UNITED STATES.

Your Honor, the United States Government froze all of my assets in February 2015. In lite of the Supreme Court decision, I would please request the Court unfreeze $my untainted funds for me to retain the Criminal Counsel of my choice.

### The Crime in Question

The $5 million of "tainted funds" in the Criminal Case was used to acquire a shortfall of Twitter stock. I did not receive $1 in profit from the Crime in question.

### Cash

The cash held by the Court Appointed Receiver is a combination of me selling my 2 cars, and my 2 houses. The total cash on hand is approximately $350,000.00 plus another $20,000.00 frozen at M&T Bank.

### Sixth Amendment

The SEC should not have the ability to control the judicial process. Since the day my assets were frozen, the SEC has dictated which lawyer I can and cannot hire. The SEC's ability to control my Sixth Amendment rights has greatly affected my ability to defend myself in my Criminal Case.

The SEC has previously agreed to release $45,000 for my Criminal Defense lawyer, but the SEC also agreed to the Receivers request to increase his fee from $100,000 to $175,000.

I would please request Your Honor, to unfreeze my untainted monies for me to hire the Counsel of my choice for my Criminal case.

Thank you,

Signature of Defendant          *Gregory W Gray Jr.*

Address:                        514 Main St #303
                                Buffalo, NY 14202

Telephone Number                312.933.4522

CC:   Nancy Brown- SEC via first class mail and email
CC:   Lou Morin III, Receiver first class mail and email

# EDWARD V. SAPONE, LLC

LAW FIRM
40 Fulton Street, 23rd Floor
New York, New York 10038

Telephone: (212) 349-9000
Facsimile: (212) 349-9003
E-mail: edward@saponelaw.com



Exhibit #2

RECEIVED
JAN 10 2017
JUDGE KAPLAN'S CHAMBERS

BY OVERNIGHT MAIL

July 27, 2016

Hon. Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *United States of America v. Gregory Gray*
            Ind. No.: 15-CR-297 (SHS)

            *Securities and Exchange Commission v. Gray, et al.*
            Dkt. No.: 15-CV-1465 (LAK)

Dear Judge Kaplan:

    I am retained counsel to Gregory Gray in the above-referenced criminal case pending before Judge Stein.

    On October 30, 2015, Your Honor issued an Order, pursuant to a stipulation entered into by the Commission, Mr. Gray, and myself, that the Asset Freeze Order previously entered against Mr. Gray be modified to release $45,000 from the frozen assets on account in the Archipel Capital Receivership account at Rabobank, NA to my firm to be held in a client-trust account as security for legal fees and expenses incurred in my firm's representation of Mr. Gray in the criminal case. The stipulation that formed the basis of the Court's October 30, 2015 Order, further stated that "If the above funds are exhausted, pursuant to a further modification of the Asset Freeze Order, Mr. Sapone may submit to the Court an application for the release of additional funds for legal fees and expenses." *See* October 30, 2015 Stipulation and Order [Dkt. Entry 107].

    I write, at this time, to respectfully request a further modification of the Asset Freeze Order to permit the release of an additional $45,000 of funds for legal fees and expenses necessary for my continued representation of Mr. Gray through sentencing in the above-referenced criminal matter.

As a further condition of the October 30, 2015 Stipulation and Order, my Firm recorded invoices chronicling the time each firm member spent working on Mr. Gray's criminal case as well as case-related expenses. Those invoices were submitted to Judge Stein for confirmation that they were reasonable, before making an application to Your Honor for the release of additional funds. On July 21, 2016, Judge Stein ruled that our invoices did in fact reflect reasonable time, effort and expenses, given the defendant and the nature of his case.

Pursuant to the most recent invoice, which is dated June 1, 2016, the initial $45,000, released to my firm for our representation of Mr. Gray in the criminal matter has been exhausted. Since the funds were exhausted on June 1, we have continued to work without compensation on Mr. Gray's behalf in preparation for sentencing, which is scheduled to occur on September 14, 2016. We contacted the SEC regarding a stipulation for the release of additional legal fees, but on July 14, we were informed by the SEC that they will be objecting to any additional release of legal fees for Mr. Gray's representation in the criminal case. The SEC's primary objection is that any further carve-outs are not in the interests of investors, as there do not appear to be sufficient assets available to satisfy the anticipated disgorgement figures.

Even assuming the SEC's calculations are accurate, we believe that Mr. Gray's 6th Amendment right to counsel, and the Supreme Court's recent decision in *Luis v. United States*,[1] support our request for a further modification of the Asset Freeze Order, and the release of additional legal fees for representation of Mr. Gray through sentencing in his criminal case.

In *Luis*, the Government claimed that the defendant had fraudulently obtained close to $45 million in a health care fraud scheme, most of which she had spent. The Government sought a pretrial order to freeze the defendant's remaining assets (approximately $2 million in untainted assets) in an effort to preserve what was left for restitution and any other criminal monetary penalties. The district court issued an order prohibiting the defendant from dissipating her assets up to the equivalent of the proceeds of the health care fraud ($45 million). This order prevented the defendant from using the remaining funds to hire counsel of her choice to defend her in the criminal prosecution. The District Court held that there is no Sixth Amendment right to use untainted substitute assets to hire counsel. *See* 966 F. Supp. 2d 1321, 1334 (SD Fla. 2013). The Eleventh Circuit upheld the District Court and the Supreme Court granted *certiorari* and reversed.

In reversing, the Supreme Court held that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Luis,* 578 U.S. at 3. The Court went on to rule that "insofar as innocent (*i.e.,* untainted) funds are needed to obtain counsel of choice, we believe that the Sixth Amendment prohibits the court order that the Government seeks." *Id.* at 11-12.

The Supreme Court concluded:

> 'Deprivation of the right' to counsel of the defendant's choice 'is complete' when the defendant is erroneously prevented from being represented by the lawyer he wants. Nor do the interests in

---

[1] *See Luis v. United States*, 578 U.S. ___ (2016)

2



United States District Court
Attn: Judge Kaplan 21B
500 Pearl Street
New York, New York 10007-1312

RECEIVED
JAN 10 2017
JUDGE KAPLAN'S CHAMBERS