

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
New York Regional Office
Brookfield Place, 200 Vesey Street, Suite 400
New York, NY 10281-1022

**DIVISION OF ENFORCEMENT**

Victor Suthammanont
Senior Counsel
(212) 336-5674
suthammanontv@sec.gov

November 5, 2018

<u>VIA ECF AND UPS OVERNIGHT</u>

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>SEC v. Gray, No. 15 Civ. 1465 (LAK)</u>

Dear Judge Kaplan:

     We represent the Plaintiff, Securities and Exchange Commission, in this action and write to update the Court concerning certain developments in connection with the on-going receivership of the assets of the Corporate Defendants and Relief Defendants.[1]

**Background**

     The Court appointed Lucien Morin, II, as Receiver of the assets of the Corporate Defendants and Relief Defendants in this action. (*See* DE 35 (Mar. 25, 2015 Order); DE 89 (Oct. 5, 2015 Order).) Following his appointment, the Receiver marshalled the assets of the Relief Defendants, which consisted of cash and stock in certain non-publicly traded companies (*see, e.g.*, DE 164 (May 20, 2016 Decl. of Lucien Morin, II); DE 303 (Feb. 16, 2017 Receiver's Report)). On May 20, 2016, the Commission and the Receiver moved the Court to permit, *inter alia*, the Receiver to liquidate and consolidate the assets of the Relief Defendants, to make distributions in accordance with the plan, and to dissolve the Relief Defendants. (DE 163-166.) On August 20, 2016, the Court granted that motion and approved the joint plan of distribution.

---

[1]     The Corporate Defendants under receivership are Archipel Capital LLC and BIM Management LP. The Relief Defendants under receivership are Archipel Capital – Agrivida LLC; Archipel Capital – Bloom Energy LP; Archipel Capital – Late Stage Fund LP; Archipel Capital – Lineagen LP; Bennington – Everloop LP ("Everloop"); and the "Social Media Funds": Archipel Capital – Social Media Fund LP; Archipel Capital – Social Media Fund II LP; Archipel Capital – Social Media Fund LP 3; Archipel Capital – Social Media Fund LP 4. At the request of the Plaintiff and Receiver, the Court removed Archipel Capital – Amyris Biotechnologies LP from the Receivership. *See* DE 89 (Oct. 25, 2015 Order).



Hon. Lewis A. Kaplan
November 5, 2018
Page 2

(DE 223 (Aug. 30, 2016 Order).) On January 9, 2017, following objections of certain parties, the Court approved a joint plan of distribution as amended. (DE 293 (Jan. 9, 2017 Order).)

With respect to the cash that the Receiver was able to consolidate, the Court granted the Receiver's application to make an initial distribution of $750,000 to investors on February 12, 2018 (DE 324). The Receiver subsequently made that distribution to investors. Checks were mailed to investors on or about March 13, 2018.

As previously described to the Court, the Receiver has attempted to liquidate the shares held by the Corporate Defendants and Relief Defendants. (*See* DE 317 ¶¶ 1-9 (Oct. 5, 2017 Receiver's Supplemental Report and Status Update).) To date, these shares remained registered in the names of the various defendant entities. One of the holdings, Bloom Energy Corp., had its initial public offering in July 2018,[2] and the Receiver anticipates that he will be able to liquidate the receivership's holdings after the trading blackout period expires on approximately January 21, 2019. As to the other holdings, however, the Receiver, with the assistance of the broker retained with the approval of the Court, has been unable to liquidate or sell the shares at an acceptable price, and there appears to be no market for the shares at this time.

In addition, the Receiver has had to keep the Relief Defendants' corporate taxes and filings current, and prepare and file partnership returns, all at expense to the receivership estate. (*See, e.g.*, DE 326 ¶¶ 1-3 (Receiver's report describing tax expenses.).) Delaware did not allow the Receiver to dissolve the Relief Defendants Social Media Funds and Everloop due to unpaid taxes by Defendant BIM Management LP ("BIM"). Until BIM is current on its taxes, the Receiver cannot dissolve any Relief Defendant and must continue to pay taxes and file partnership returns for them. The fees (both state taxes and accountants' fees) are approximately $5,500 per year.

### The Liquidation Strategy

The initial strategy of the Receiver, following consultation with the Commission staff and in accordance with the Court's orders, was to liquidate the holdings of the Relief Defendants, make distributions to investors, and then dissolve the Relief Defendants and dismiss the Corporate Defendants from the receivership. By proceeding in this fashion, the Receiver hoped to reduce administrative complexity and transaction costs, e.g., transferring stock to a separate receivership entity prior to liquidation.

Nevertheless, given the impending liquidation of the Bloom Energy position, the lack of a market for the other holdings of the Relief Defendants at this time, and the on-going costs of the Receivership related to the Relief Defendants, the Receiver, in consultation with the Commission staff, intends to undertake an alternate strategy. The Receiver will:

---

[2] *See* Prospectus dated July 24, 2018 at https://www.sec.gov/Archives/edgar/data/1664703/000119312518227590/d96446d424b4.htm.



1. form a separate receivership entity to take custody of the receivership assets;
2. transfer all assets of the Corporate and Relief Defendants—except Bloom Energy, which will be liquidated—to the receivership entity;
3. pay Defendant BIM Management's outstanding liabilities to Delaware, which will permit the Receiver to dissolve the Relief Defendants;
4. dissolve the Relief Defendants and issue the final partnership returns for each;
5. move the Court (i) to dismiss of the Corporate Defendants from the Receivership, and (ii) to amend the Receiver's reporting requirements to an annual report pending a further liquidation or distribution; and
6. continue to monitor the remaining shares pending a liquidity event permitting distribution of the remaining receivership assets.

The Receiver and Commission believe that the Court's existing orders allow the Receiver to proceed as outlined, but given the shift in strategy, we believed it prudent to advise the Court of the change.

We would be happy to answer any questions the Court may have.

Sincerely,

Victor Suthammanont
Senior Counsel
Division of Enforcement

cc: Lucien Morin, II (by email)