

Gregory W Gray Jr
60 School St
#1192
Orchard Park, NY 14127

United States District Court
Attn: Hon. Judge Lewis A Kaplan
Court Room: 21B
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-20-19

RE: 1:15-cv-01465-LAK

Dear Judge Kaplan:

I would please ask the Court order the Receiver to send the Court Approved Distribution plan payments for the 1 victim in my criminal case (15-CR-297) to the following address:

United States Marshall Service
Attn: Money Laundering Asset Forfeiture Unit
15-CR-297
1 Saint Andrews Plaza
New York, NY 10007

Currently, the Receiver is sending the payments directly to the victim, and thus I am not receiving proper credit for monies paid. Thank you

Thank you,

Sincerely,

*Gregory W. Gray Jr.*

Gregory W. Gray Jr

CC:     Lou Morin, Victor Suthamanont

Gregory W Gray Jr
60 School St
#1192
Orchard Park, NY 14127

United States District Court
Attn: Hon. Judge Lewis A Kaplan
Court Room: 21B
500 Pearl Street
New York, NY 10007-1312

RE: 1:15-cv-01465-LAK

Dear Judge Kaplan:

In December 2018, the SEC notified the Court they planned to release Archipel Capital from the Receivership. To date, this has not been done for the following reasons:

1.) Exhibit #1- I alerted the Court the Receiver has cost Archipel investors over $10 million due to his mistakes
2.) The Receiver has allowed a default judgment against Archipel Capital in NDNY (which will need to be dealt with)
3.) The SEC / Receiver are aware of a plan to file an errors and omission's claim vs. the Receiver insurance for his mistakes

Your Honor, I made a mistake but I feel I owe I to the Archipel investors families to hold the SEC / Receiver accountable for their mistakes.

There is no reason Archipel still needs to be under the Receivers control as all of the assets are held under his control thru a new combined entity.

By the SEC's own admission, their plan is to give Archipel Capital back to the controlling members. I would please ask the Court release Archipel from the Receivership so we can deal with points 1,2 and 3 above – thank you.

Thank you,

Sincerely,

*Gregory W. Gray Jr.*
Gregory W. Gray Jr

CC:   Lou Morin, Victor Suthamanont

Exhibit #1

Gregory W Gray Jr
60 School St
#1192
Orchard Park, NY 14127
March 11th, 2019

United States District Court
Attn: Hon. Judge Lewis A Kaplan
Court Room: 21B
500 Pearl Street
New York, NY 10007-1312

RE: 1:15-cv-01465-LAK

RE: *Court Appointed Receiver Accountability*

Dear Judge Kaplan:

Your Honor, I regret to inform you of another *major* mistake made by the Court Appointed Receiver, Mr. Lou Morin costing investors over *$3.8 million*.

In January 2019, the 180-day lock up period expired for Archipel Capital's investment into Bloom Energy. Prior to the lockup expiration, I emailed Mr. Morin (exhibit #1) offering my assistance to lock in Archipel Capitals profit for its investment into Bloom Energy.

Mr. Morin ignored my assistance, and neither him nor the SEC implemented *any* strategy to lock in profits for Archipel investors.

Its common knowledge the stock will plummet on the 180 day expiration as every early stage investor will sell their shares- hence why a strategy was needed to lock in the profit.

### *Resulting Loss:*

Archipel Capital owns 136,998 shares of Bloom Energy. I offered my assistance to Mr. Morin when Bloom Energy's price was at $38 per share.

Mr. Morin sold Archipel Capital's Bloom Energy shares at $10+ - a $28 price per share difference or *$3.8 million loss to Archipel investors.*

### *Continued behavior:*

Your Honor, if you recall, Mr. Morin's first decision as Receiver was to claw back Archipel Capital investment into LYFT.

The $250,000 LYFT investment would now be worth over $6.5 million due to LYFT filing it IPO at a $30b valuation.

**The Receiver's decision to claw back the LYFT investment cost Archipel investors over $6.25m in profit!**

### *Conclusion:*

I understand I made a mistake, and the only reason a Receiver was instituted was because of my mistake. I am the only person left who still cares about the returns to the Archipel investors!

As you are aware, the SEC has agreed in prior Court filing to give me back control of Archipel Capital and release the company from the Receivership.

The SEC has 6 lawyers dedicated to this case, and the Receiver has been paid over $300k – yet they collectively have cost investors over **$10 million in value**.

The Receiver or the SEC cannot ignore the loss of monies to the Archipel investors. Both parties need to be held accountable for not looking out for Archipel investor's interest.

***The Court approved distribution plan is completely flawed due to the Receivers mistakes and the 1 victim in the Criminal case in now unfairly penalized!***

I would please request the Court intervene and hold the Receiver and the SEC accountable for their mistakes. Archipel Capital has 3 remaining investments and we cannot afford any more mistakes!

Thank you,

*Gregory W. Gray Jr.*

Gregory W Gray Jr.


CC: Morin, Audley, Suthamanont



Gean
60 School St
#1192
Orchard Park, NY 14127

BUFFALO NY 140
14 MAR '19
PM 1 L

RECEIVED
MAR 19 2019
JUDGE KAPLAN'S CHAMBERS

SDNY District Court
Attn: Judge Kaplan
500 Pearl Street
New York, NY 10007

Memorandum Endorsement                                          SEC v Gray, 15-cv-1465 (LAK)

        1.    Gray requests that the receiver be directed to send certain payments pursuant to the court approved Distribution Plan to "the 1 victim in [his] criminal case" so that he may receive "proper credit" for monies paid.

        Gray had a full opportunity to be, and was, heard with respect to the approval of the plan of distribution. His present application has nothing at all to do with substance of that plan. Rather, his concern appears to be with his $5 million restitution obligation in *United States v. Gray*, 15-cr-297 (SHS) and to rest on an assumption that certain payments pursuant to the Distribution Plan in this case should be credited against that obligation in the criminal case.

        Gray has offered no good reason for modification of the Distribution Plan. His assumption or argument, if it be that, concerning how distributions in this case should affect his restitution obligation, if at all, is not a matter within my purview. Accordingly, that portion of his application is denied without prejudice to any application Gray may wish to make in his criminal case.

        2.    Gray's request to terminate the receivership as to Archipel is denied. The Court notes that the Receiver previously has indicated an intention to ask the Court to take that action once the Kisameet shares are transferred to the Receiver. DI 331, ¶ 28.

        SO ORDERED.

Dated:      March 20, 2019

_____
Lewis A. Kaplan
United States District Judge