UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br>-against-<br><br>GREGORY W. GRAY, JR., et. al.,<br>         Defendants,<br>-and-<br><br>ARCHIPEL CAPITAL - AGRIVIDA LLC, et al.,<br>         Relief Defendants,<br><br>WILLIAM J. McESSY,<br>         Defendant-Intervenor. | **15 Civ. 1465 (LAK)**<br>**ECF Case** |

**FIRST INTERIM APPLICATION OF THE SUCCESSOR RECEIVER FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 16, 2019 TO DECEMBER 31, 2020**

  Karthik Bhavaraju, (the "Successor Receiver"), having been appointed by order of the Court on December 16, 2019 ("Appointment Order") *[DE 347]*, as receiver ("Receiver") for Archipel Capital ("Archipel"), submits this Application for Compensation and Reimbursement for Expenses for the period December 16, 2019, to December 31, 2020 (the "First Fee Period").

  The Appointment Order set forth the duties and obligations of the Successor Receiver with respect to certain assets of, or in the possession of Archipel (collectively the "Receivership Assets") and further that any request by the Receiver for compensation conform to the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions").

1

In support of this Application for Compensation, the Successor Receiver declares and affirms under penalty of perjury as follows:

## PRELIMINARY STATEMENT

1. By this Application, the Successor Receiver seeks allowance of fees in the total amount of $14,775 comprised of $14,775 for services rendered in connection with the Receivership Estate during the First Fee Period.

## JURISDICTION

2. This Court has jurisdiction over these proceedings pursuant to: (i) Section 22(a) of the Securities Act of 1922, (ii) Sections 21(e) and 27 of the Securities Exchange Act of 1934, and (iii) Section 214 of the Investment Advisers Act of 1940.

3. This Court has jurisdiction over this Application pursuant to Appointment Order and Expansion Order, which provide that all applications for costs, fees and expenses of the Successor Receiver and those employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees and expenses.

## BACKGROUND

**A.    The Successor Receiver's Duties**

4. By Order dated December 16, 2019, Karthik Bhavaraju was appointed Successor Receiver for Relief Defendants[1] and the Receivership Estate to (i) take possession, as Successor

---

[1] The remaining Relief Defendants are Archipel Capital - Agrivida LLC, Archipel Capital - Bloom Energy LP,

Receiver, of the Receivership Estate, including the cash assets (the "Distribution Account") and shares of certain companies including Lineagen, Inc. and Agrivida, Inc. ("Shares"); (ii) liquidate the Shares, including the payment of any necessary commissions, fees, and expenses, in a manner consistent with the Successor Receiver's business judgment and deposit cash receipts from such liquidation into the Distribution Account; (iii) determine the most efficient means to hold the Receivership Estate and Distribution Account; (iv) take the necessary steps to dissolve the Relief Defendant entities, including filing any final tax returns and documents required by the state of organization to dissolve such entities and paying the costs of any fees or taxes to dissolve such entities; (v) communicate with investors; and (vi) make distributions from the Distribution Account in accordance with the Court's January 9, 2017 Order approving the joint plan of distribution as amended.  [Docket No. 347]

5. On September 23, 2020, the SEC and the Successor Receiver submitted a joint letter to the Court [Docket No. 348], requesting authorization for the Successor Receiver to employ Teneo Securities LLC, the broker-dealer affiliate of his new employer Teneo Capital LLC, on the same terms as he had previously employed Goldin Capital LLC to assist in liquidating the securities in the Receivership Estate. The Court approved the request the day after its submission.  [Docket No. 349]

6. Since his appointment, the Successor Receiver engaged the services of the accounting firm of Insero & Co. to prepare and file partnership income tax returns for 2019. Counsel to the Successor Receiver, McConville Considine Cooman & Morin, P.C., formed the Archipel Successor Receivership LLC (the "Receivership LLC"), and, as of March 2020, the

funds remaining in the Distribution Account have been transferred to, and are held by, the Receivership LLC.

## BILLING PROCEDURES

7.      Teneo Capital (and the Successor Receiver) maintains time records in the regular course of business, with entries made by each person working on the cases contemporaneously with the rendering of the service.  Annexed hereto as **Exhibit A** is a summary taken from the time records kept in the ordinary course of business by Teneo Capital during the First Fee Period setting forth in detail the services rendered by the Successor Receiver and his support staff, the dates upon which such services were rendered, the time spent, and the identity of the individual who performed such services, and the customary hourly rate that Teneo Capital charges for the same or similar services rendered by the  Successor Receiver and his support staff.

## SUMMARY OF SIGNIFICANT ACTIVITIES
## DURING THE THIRD FEE PERIOD

8.      During the First Fee Period, a number of matters and issues to bring this case to closure were accomplished. These activities were performed as needed and are identified in **Exhibit A.** They included:

*(a) Formation of the successor receivership entity and accounts:*

The Successor Receiver collaborated with Counsel to set up a new receivership entity in order to take control of the funds and assets in the receivership.

4

*(b) Review and filing of the 2019 tax returns:*

The Successor Receiver coordinated the preparation and issuance of the 2019 K-1s to the investors. The Successor Receiver provided financial and other relevant information to the accounting firm, including materials related to investor distributions and vendor payments made during the year.

(c) *Monitoring of securities in portfolio:*

During this fee period, one of the portfolio investments, Lineagen, agreed to be acquired by Bionano Genomics. The Successor Receiver evaluated the terms of the acquisition and conducted discussions with Counsel to assess the reasonableness of the terms of the acquisition. In addition, the Successor Receiver has continued to monitor the remaining securities in the portfolio, including a periodic assessment of the financial condition of the portfolio companies and consideration of options for liquidation for these securities.

9. The specifics of each and every service performed are detailed in the time records set out in Exhibit A.

10. During the First Fee Period, the Successor Receiver and the SEC have maintained close contact and discussed numerous issues as they arose during the course of the fee period including those related to securities in the portfolio.

**DETERMINATION OF THE SUCCESSOR RECEIVER'S REQUESTED FEES**

11. In preparation of the Exhibit to this Application, the Successor Receiver calculated his request for compensation by multiplying (a) the time spent on services by (b) the hourly rate assigned to the Successor Receiver, and each of his support staff (as applicable).

12. In accordance with the Appointment Order, the Successor Receiver served

counsel for the SEC with a copy of this fee application. The SEC does not object.

13. WHEREFORE, the Successor Receiver requests an order (i) allowing an award of $14,775 for services rendered and (ii) authorizing payment out of the funds of the Relief Defendants held at the Receivership Bank Account at Mechanics Bank.

Dated: New York, NY
       February 26, 2021        /s/_____
                                                Karthik Bhavaraju
                                                350 5th Avenue, Suite 4410
                                                New York, NY 10018

**CERTIFICATION:**

I, Karthik Bhavaraju, Successor Receiver certify that: I have read the above Application; to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses are true and accurate and comply with the Billing Instructions; all fees contained in the Application are based on the rates listed in the fee schedule attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed.

 February 26, 2021                       /s/_____
                                                Karthik Bhavaraju
                                                350 5th Avenue, Suite 4410
                                                New York, NY 10018

17222.001# 6755R3/6/17