15 Civ. 1465 (LAK)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/25

**SECURITIES AND EXCHANGE COMMISSION,**

                                  Plaintiff,

                  -against-

**GREGORY W. GRAY, JR., et.al**

                                Defendants,

                  -and-

**William McEssy**

                                Intervenor.

15 Civ. 1465 (LAK)

ECF Case

**[~~PROPOSED~~] ORDER GRANTING SUCCESSOR RECEIVER'S MOTION FOR AN ORDER AUTHORIZING (A) THE ABANDONMENT OF CERTAIN DE MINIMIS ASSETS, (B) THE ESTABLISHMENT OF A RESERVE FOR WINDDOWN EXPENSES, (C) MAKING FINAL DISTRIBUTIONS TO NON-SMF INVESTORS UNDER THE APPROVED JOINT PLAN OF DISTRIBUTION, (D) CLOSING THE CASE, TERMINATING THE RECEIVERSHIP AND DISCHARGING THE SUCCESSOR RECEIVER**

      Karthik Bhavaraju, the court-appointed successor receiver (the "Successor Receiver") in the above captioned case, has filed a Motion To Abandon Certain *de minimus* Assets, Establish A Reserve For Winddown Expenses, Approve Making Final Distributions to Non-SMF Investors Under The Approved Joint Plan of Distribution, Close The Case, Terminating The Receivership and Discharging The Successor Receiver (collectively the "Motion"), and the matter having been served upon all interested parties and investors who have filed claims in this proceeding and no timely objections having been filed,

      Now, upon having read the Successor Receiver's Motion and all other relevant filings in this action, and having read and having considered the affidavit of service filed on behalf of the Successor Receiver, and after due deliberation and sufficient cause appearing therefore, the Successor Receiver's Motion is GRANTED and IT IS HEREBY ORDERED that:

1. The Receivership shall be terminated in accordance with the provisions of this Order;

2. The Successor Receiver is hereby authorized to abandon the Agrivida and IngredientWerks shares;

3. The Successor Receiver is hereby authorized to establish a reserve of $21,877 to pay those Wind Down Expenses as set out in the Motion;

4. The Successor Receiver is authorized and directed to distribute $223,403 to Non-SMF Investors claimants at their last known addresses under the approved joint plan of distribution;

5. Any investor who does not deposit or cash the distribution check withing 180 days of the date of the originally issued check shall forfeit the right to payment;

6. The Successor Receiver is authorized to undertake any and all activities reasonably necessary to wind up the affairs of the Receivership;

7. After all activities of the Successor Receiver have been completed, but not less than the later of: (i) 180 days from the date payments are issued to the Non-SMF investors, or (ii) the clearance of all Wind Down expenses, or (iii) if for any reason monies remain in the Successor Receiver's account after 6 months from the latest stale date of any check, the Successor Receiver shall, after consultation with the SEC staff, and without further order of the Court, pay such funds to for deposit into the United States Treasury;

8. Upon completion of those activities set out in Paragraph 7 above, the Successor Receiver shall file a simple Notice with the Court advising that all matters in this Receivership, including those provided for in this Order have been concluded. Upon filing the Notice, the Receivership will be terminated and this case will be closed without the necessity of further Order of this Court and the Successor Receiver shall be relieved of all his duties under the Receivership Orders;

9. Upon the Filing of the Notice provided for in Paragraph 8 above, Karthik Bhavaraju, as Successor Receiver is and shall be fully relieved and discharged of all his duties and obligations under an Order of this Court dated December 16, 2019 ("Successor Receivership Appointment Order"), and any other duties or obligations incident to his service or appointment as receiver in the case;

10. The Successor Receiver represents that he (or his counsel on his behalf) shall retain all Receivership Estate records for a period of five years after termination of the receivership.

Thereafter, the Successor Receiver is authorized to destroy all the receivership records that, in his sole discretion, are not necessary to maintain, provided however that the Successor Receiver shall provide 20-days advance notice to the SEC of his intention to destroy such records in order the provide the SEC with the opportunity to seek relief in the event it chooses to do so;

11. Upon the filing of the Notice provided for in Paragraph 8 above, the Successor Receiver and his attorneys, accountants and consultants, the prior receiver, Lucien A. Morin, II, and all persons acting by, through, under or in concert with any of them (the "Releasees") shall not be liable to anyone for his, her or their own good faith compliance with: (i) any order, rule, law, judgment or decree; (ii) the duties and responsibilities of a receiver or as professional to the receiver; and/or (iii) any actions taken or omitted by them, except on a finding by the Court that he, she or they acted or failed to act as a result of bad faith or gross negligence or in reckless disregard of his, her, its or their duties;

12. Upon the entry of this Order, all creditors, investors, claimants, defendants and other parties in interest shall be permanently and forever barred, restrained and enjoined from taking any action or impose any liability on the receiver or his professionals, without first, obtaining relief to do so from this Court and only limited to the extent provided by the exception in Paragraph 11 sub-clause(iii); and

13. This Court shall retain jurisdiction over any and all matters relating to the Receivership. To the extent and dispute arises concerning the Successor Receiver's administration of the Receivership or to the extent any person or entity seeks to pursue or assert any claim or action against a Releasee arising out of or related to this Receivership, the Court shall retain jurisdiction to hear and resolve any such dispute of or claim.

IT IS SO ORDERED THIS 7th day of August, 2025

_____
United States District Court Judge
Southern District of New York